UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACIEL ORANGA-ZUNIGA<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | CASE NO. C13-1364-RSM<br><br>ORDER DENYING § 2255 MOTION |

## I. INTRODUCTION

Before the Court is pro se Petitioner Jaciel Oranga-Zuniga's first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which he contends resulted from an involuntary guilty plea. Dkt. # 1. Having considered both the Government's response to the motion as well as Petitioner's untimely reply, the Court will deny the motion and dismiss the petition.

## II. BACKGROUND

Petitioner is a prisoner in federal custody. He challenges the validity of his guilty plea, entered on March 5, 2007, to one count of Conspiracy to Distribute Cocaine and Heroin in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(A), and 846. As part of that guilty plea, Petitioner admitted that $9,387 in currency seized from his bedroom at the time of arrest was drug proceeds, and subject to forfeiture. CR Dkt. # 219, ¶ 7.c.i., ¶ 11 (Plea Agreement). Upon accepting Petitioner's guilty plea and the parties' Rule 11(c)(1)(C) Plea Agreement, this Court imposed a sentence of 121 months' imprisonment on June 1, 2007. CR Dkt. # 267 (Judgment). Pursuant to the agreement of the parties in the Plea Agreement and the stipulated Preliminary Order of Forfeiture, signed by Petitioner and his counsel, this Court also ordered criminal forfeiture of the $9,387. *Id.*; CR Dkt. # 268 (Preliminary Order of Forfeiture); CR Dkt. # 308 (Final Order of Forfeiture).

In his § 2255 motion, Petitioner contends that his counsel was ineffective and his plea involuntary because he was not adequately notified about this forfeiture agreement prior to entering his guilty plea. Dkt. # 1, pp. 4-6. He seeks an order vacating the forfeiture. *Id.* at 10.

## III. DISCUSSION

**A. Petitioner's § 2255 Motion**

Petitioner's motion raises two grounds for relief. First, Petitioner argues that his counsel "was ineffective in his forfeiture proceeding" by "failing to provide him notice of forfeiture proceedings and his opportunity to file a claim." Dkt. # 1, p. 4. Second, he argues that counsel was ineffective for "failure to advise him of his constitutional rights guaranteed by the Fifth and Sixth Amendments, which resulted in his unknowing, involuntary guilty plea" with regard to "his rights to forfeiture." *Id.* at 5-6. As to the relief he seeks, Petitioner states that "[he] seeks this

Court vacate his forfeiture and allow him to judicial forfeiture and proceed to a judicial forfeiture." *Id.* at 10.

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence ... If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255. In *United States v. Kramer,* 195 F.3d 1129, 1130 (9th Cir. 1999), the Ninth Circuit Court of Appeals held that "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." In other words, "[c]laims seeking release from custody can be brought under § 2255; claims seeking other relief cannot." *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002). "To determine whether a given claim is cognizable under § 2255, we focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion." *Id.* Here, although couched as an ineffective assistance of counsel claim, Petitioner's motion plainly seeks to challenge the Court's prior order of forfeiture. Petitioner's claim is not cognizable through a § 2255 motion. *See id.*

Further, even if Petitioner's motion raised a cognizable ground for relief, such a claim would be time barred. Title 28 U.S.C. § 2255 contains a one-year limitation period that runs from the latest of four specified events: (1) "the date on which the judgment of conviction becomes

final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for certiorari elapsed or a petition for certiorari denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, Petitioner's sentence was imposed on June 1, 2007. No notice of direct appeal was filed. Thus, his judgment of conviction became final no later than fourteen days after sentencing. *See* Fed. R. App. P. 4(b)(1)(A). He was required by statute to file any § 2255 claim within one year. *See* 28 U.S.C. § 2255(f). Petitioner's § 2255 Motion was signed on July 25, 2013, which is five years beyond the expiration of the limitations period.

In Petitioner's motion, he asserts that his petition is eligible for statutory tolling. He argues that his motion is timely because it was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f); *see* Dkt. # 1, p. 9. Specifically, Petitioner claims he was unaware of the judicial forfeiture of currency and unaware of the alleged constitutional error until January 24, 2013, when the United States responded to his *pro se* motion for return of property. *Id.* at 9.

The record in Petitioner's criminal case contradicts his assertion. It demonstrates (1) that the currency at issue was explicitly listed as one of the assets pending judicial forfeiture in the Superseding Indictment (CR Dkt. # 78, p. 3, ¶ 6.f. ("$9,387, more or less, seized from 11108 Chennault Beach, #2011, Mukilteo, Washington")); (2) that Petitioner agreed to forfeit this currency to the United States, admitting that it "is the proceeds of unlawful conspiracy to distribute cocaine and heroin or was used or intended to be used to facilitate unlawful conspiracy to distribute cocaine and heroin, as charged in Count 1 of the First Superseding Indictment" (CR Dkt. # 219, p. 8, ¶ 11); (3) that on the same day as the sentencing hearing, Petitioner signed a stipulated Preliminary Order of Forfeiture which sought to forfeit this currency as part of the sentence (CR Dkt. # 268, p. 4); and (4) that the Court signed the Preliminary Order of Forfeiture in open court during the sentencing hearing, and ordered forfeiture of this currency as part of the imposed sentence, as reflected in the minutes and as recorded on Petitioner's written Judgment (CR Dkt. ## 262, 267, p. 6). Further, the record shows that Petitioner was assisted by a Spanish-language translator at both the plea hearing and the sentencing hearing, during which the forfeiture was addressed. CR Dkt. ## 214, 262. Thus, his contention that he was not told that the currency was subject to forfeiture is without merit. The claim is subject to dismissal as untimely.

**B.  Evidentiary Hearing**

A petitioner is entitled to an evidentiary hearing only if he (1) alleges specific facts which, if true, would entitle the petitioner to relief, and (2) the petition, files, and record of the case do not conclusively show that he is not entitled to relief. 28 U.S.C. § 2255. Where a petition consists only of conclusory allegations, no evidentiary hearing is required. *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). Here, Petitioner's conclusory allegation that he did not know the facts concerning the forfeiture of currency until 2013 is directly contradicted by the record. Accordingly, the Court finds that no evidentiary hearing is required.

### C. Certificate of Appealability

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This requires that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court dismisses the petition on procedural grounds, it must determine whether the petition states a valid claim for the denial of a constitutional right and that reasonable jurists would find the procedural ruling correct. *Id.* at 474. The Court concludes that a certificate of appealability should not issue because Petitioner has failed to make a substantial showing that he was denied a constitutional right, and that jurists of reason would not find it debatable whether the Court was correct in any procedural or substantive ruling.

## IV. CONCLUSION

Having considered Petitioner's § 2255 motion, the Government's Response, Petitioner's Reply, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct the Sentence (Dkt. # 1) is DENIED;

(2) No Certificate of Appealability shall be issued;

(3) The Clerk is directed to send a copy of this Order to Peitioner and all counsel of record.

Dated this 7 day of July 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE